# In re Luaiva Tui FUALAAU, Respondent

File A20 691 204 - Honolulu

*Decided June 14, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Assault in the third degree under section 707-712 of the Hawaii Revised Statute is not a crime involving moral turpitude within the meaning of section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 241(a)(2)(A)(ii) (1994), where the offense is similar to a simple assault.

(2) Where reckless conduct is an element of the statute, a crime of assault can be, but is not per se, a crime involving moral turpitude.

FOR RESPONDENT: Bow Mun Chin, Esquire, Honolulu, Hawaii,

FOR IMMIGRATION AND NATURALIZATION SERVICE: Dayna M. Dias, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

HURWITZ, Board Member:

The Immigration and Naturalization Service appeals from the June 21, 1994, oral decision of the Immigration Judge which terminated the deportation proceedings against the respondent based on a finding that an assault in the third degree, under section 707-712 of the Hawaii Revised Statutes, is not a crime involving moral turpitude. The appeal will be dismissed.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The respondent is a 40-year-old male native and citizen of Western Samoa. The respondent entered the United States on or about June 12, 1973, as a nonimmigrant visitor. On April 23, 1974, he was granted adjustment to lawful permanent resident status. The record reflects that on July 25, 1991, in the Circuit Court of the First Circuit of the State of Hawaii, the respondent was convicted of one count of assault in the second degree and one count of assault in the third degree. These convictions both arose out of a single

scheme of criminal misconduct. As a result of these convictions, the respondent was committed to the custody of the Director of the Department of Public Safety for 10 consecutive weekends of jail confinement and was ordered to make restitution in the amount of $3,863.16. The respondent concedes that for immigration purposes the 1991 convictions constitute one conviction for a crime involving moral turpitude. The record further reflects that on October 1, 1992, in the same court, the respondent was convicted of assault in the third degree and sentenced to a 55-day confinement and a 1-year probation.

The Hawaii statute under which the respondent was convicted provides as follows:

(1) A person commits the offense of assault in the third degree if he:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b) Negligently causes bodily injury to another person with a dangerous instrument.

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

Haw. Rev. Stat. § 707-712 (1992).

According to the law of Hawaii, a person acts "recklessly" when he consciously disregards a substantial and unjustifiable risk. Haw. Rev. Stat. § 702-206(3)(a) (1992).

The respondent's conviction record reflects that he entered a plea to the charge of third degree assault. His guilty plea provides: "On December 17, 1991, I recklessly inflicted bodily injury on Sioeli Ah Yen withou[t] his consent." Accordingly, we find, and the respondent has not disputed, that he was convicted of "[i]ntentionally, knowingly, or recklessly caus[ing] bodily injury to another person." Haw. Rev. Stat. § 707-712(1)(a). It is whether this latter conviction is for a crime involving moral turpitude that is at issue in this case.

On May 12, 1993, the Service filed an Order to Show Cause and Notice of Hearing (Form I-122) charging the respondent with deportability under section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(ii) (Supp. V 1993), as an alien who after entry has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. The respondent sought termination of the deportation proceedings and, alternatively, relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993). Based on a finding that assault in the third degree is not a crime involving moral turpitude, the Immigration Judge found that the respondent's 1992 conviction did not fall within the purview of section 241(a)(2)(A)(ii) of the Act, and consequently he terminated the deportation proceedings. The Immigration Judge never reached the respondent's request for relief under section 212(c).

## II. ISSUE PRESENTED ON APPEAL

The narrow issue before us is whether the respondent's 1992 conviction for third degree assault with a criminally reckless state of mind was for a crime involving moral turpitude, thus rendering him deportable under section 241(a)(2)(A)(ii) of the Act. This is a question of first impression. For the reasons articulated below, we will affirm the Immigration Judge's determination that the respondent was not convicted of a crime involving moral turpitude in 1992.

## III. ANALYSIS

We have addressed the appropriate definition of a crime involving moral turpitude in numerous precedent decisions. Recently, we defined the concept as follows:

> Moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *See Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988); *Matter of Flores*, 17 I&N Dec. 225, 227 (BIA 1980). Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. *Matter of P-*, 6 I&N Dec. 795 (BIA 1955).

*Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995); *see also Matter of Perez-Contreras*, 20 I&N Dec. 615 (BIA 1992); *Matter of Short*, 20 I&N Dec. 136, 137 (BIA 1989).

The crime of assault includes a broad spectrum of misconduct, ranging from relatively minor offenses, e.g., simple assault, to serious offenses, e.g., assault with a deadly weapon. We have held that assault may or may not involve moral turpitude. *Matter of Danesh*, 19 I&N Dec. 669, 670 (BIA 1988). Simple assault is not considered to be a crime involving moral turpitude. *Matter of Short, supra*, at 139; *Matter of Baker*, 15 I&N Dec. 50, 51 (BIA 1974), *modified on other grounds*, *Matter of Short, supra*. However, assault with a deadly weapon has been held to be a crime involving moral turpitude. *Matter of Medina*, 15 I&N Dec. 611 (BIA 1976), *aff'd sub nom. Medina-Luna v. INS*, 547 F.2d 1171 (7th Cir. 1977).

The assault offense considered in *Matter of Perez-Contreras, supra*, is representative of the type of crime which we have determined is not a crime involving moral turpitude. In *Perez-Contreras*, we found that assault in the third degree under the relevant state statute did not constitute a crime involving moral turpitude. The statute governing the conviction identified misconduct which simply caused bodily injury, rather than serious bodily injury. Moreover, the misconduct did not involve the use of a weapon. In these respects, the statute and conviction in *Perez-Contreras* resemble the statute and conviction at issue here. In contrast, in *Matter of Danesh, supra*, we held that the fact that the assault was on a peace officer was a key element in

establishing a crime involving moral turpitude. *See also Matter of Medina, supra*. In the area of assault, crimes involving moral turpitude ordinarily include an aggravating dimension.

Our precedents are in concert with the jurisprudence of the United States Court of Appeals for the Ninth Circuit, in which the instant case arises. *See Matter of Tran*, 21 I&N Dec. 291 (BIA 1996). That circuit has held that an assault of a spouse or child which results in a "traumatic condition" constitutes a crime involving moral turpitude. *Grageda v. INS*, 12 F.3d 919 (9th Cir. 1993) (holding that willful infliction upon a spouse of corporal injury resulting in a traumatic condition is a crime involving moral turpitude); *Guerrero de Nodahl v. INS*, 407 F.2d 1405 (9th Cir. 1969) (holding that willful infliction upon any child of any cruel or inhuman corporal punishment or injury resulting in a traumatic condition is a crime involving moral turpitude).

The offense at issue here is fundamentally different from those that have been determined to involve moral turpitude. The instant assault conviction does not arise under a statute which has as an element "the death of another person," *Matter of Franklin, supra*; the use of a deadly weapon, *Matter of Medina, supra;* or any other aggravating circumstance, *Matter of Danesh, supra.* Therefore, we find the crime at issue here is similar to a simple assault. *Matter of Short, supra; Matter of Baker, supra*.

We have held that an analysis of an alien's intent is critical to a determination regarding moral turpitude. *Matter of Serna,* 20 I&N Dec. 579 (BIA 1992). Although the Board has issued precedents holding that a conviction involving reckless conduct, such as appears in the applicable Hawaii statute, may form the basis for a determination that a crime involves moral turpitude, we have never held that a crime involving reckless conduct is per se a crime involving moral turpitude. *See Matter of Franklin, supra; Matter of Wojtkow,* 18 I&N Dec. 111 (BIA 1981); *Matter of Medina, supra*. In order for an assault of the nature at issue in this case to be deemed a crime involving moral turpitude, the element of a reckless state of mind must be coupled with an offense involving the infliction of serious bodily injury. *See, e.g., Matter of Medina, supra; see also Grageda v. INS, supra*. Here, where the violation at issue is similar to a simple assault, we find that the respondent did not commit a crime involving moral turpitude notwithstanding the state court's finding that he acted with a reckless state of mind. *Cf. Matter of B-*, 5 I&N Dec. 538, 541 (BIA 1953) (finding that a simple assault committed "knowingly" upon a prison guard was not a crime involving moral turpitude), *modified on other grounds, Matter of Danesh, supra.*

Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal of the Immigration and Naturalization Service is dismissed.