# In re Fidel GARCIA-HERNANDEZ, Respondent

File A74 108 643 - San Diego

*Decided May 8, 2003*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien who has been convicted of a crime involving moral turpitude that falls within the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (1994), is not ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act, 8 U.S.C. § 1229b(b)(1)(C) (Supp. IV 1998), because he "has not been convicted of an offense under section 212(a)(2)" of the Act.

(2)  An alien who has committed a crime involving moral turpitude that falls within the "petty offense" exception is not ineligible for cancellation of removal under section 240A(b)(1)(B) of the Act, because commission of a petty offense does not bar the offender from establishing good moral character under section 101(f)(3) of the Act, 8 U.S.C. § 1101(f)(3) (Supp. IV 1998).

(3)  An alien who has committed more than one petty offense is not ineligible for the "petty offense" exception if "only one crime" is a crime involving moral turpitude.

(4)  The respondent, who was convicted of a crime involving moral turpitude that qualifies as a petty offense, was not rendered ineligible for cancellation of removal under section 240A(b)(1) of Act by either his conviction or his commission of another offense that is not a crime involving moral turpitude.

FOR RESPONDENT:  Kevin A. Bove, Esquire, Escondido, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Michael Adams, Assistant District Counsel

BEFORE:   Board Panel: GRANT, OSUNA, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated July 29, 1998, an Immigration Judge found the respondent removable and denied his applications for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (Supp. IV 1998), and for voluntary departure.  The respondent has appealed from that decision.  The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without inspection or parole. Removability is not in dispute. The respondent was served a Notice to Appear (Form I-862) on May 14, 1997, and in due course applied for cancellation of removal for nonpermanent residents and, in the alternative, for voluntary departure.

In his decision, the Immigration Judge pretermitted the cancellation application based on the respondent's conviction in 1997 for corporal injury to a spouse in violation of section 273.5 of the California Penal Code, for which he was sentenced to probation on the condition that he serve 90 days in custody. The Immigration Judge determined that under *Matter of Tran*, 21 I&N Dec. 291 (BIA 1996), this conviction was for a crime involving moral turpitude. The Immigration Judge further determined that the respondent was not eligible for the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (1994), because he had not been convicted of "only one crime." The Immigration Judge based this finding on the respondent's 1994 conviction for battery under section 242 of the California Penal Code, a crime not involving moral turpitude, for which the respondent was sentenced to probation on the condition that he serve 15 days in custody or in a work release program. The Immigration Judge accordingly found that the respondent was ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act because he had been convicted of an offense under section 212(a)(2).

The Immigration Judge further found that the respondent could not meet the requirement in section 240A(b)(1)(B) of the Act that he establish he was a person of good moral character during the requisite 10-year period, because his 1997 conviction placed him among the "class[] of persons, whether inadmissible or not, described in . . . subparagraphs (A) and (B) of section 212(a)(2)," within the meaning of section 101(f)(3) of the Act, 8 U.S.C. § 1101(f)(3) (Supp. IV 1998), which defines good moral character.

## II. ISSUES

This case presents two principal questions: (1) whether an alien is ineligible for cancellation of removal under section 240A(b)(1) of the Act if he committed a crime involving moral turpitude that falls within the "petty offense" exception in section 212(a)(2)(A)(ii)(II); and, if not, (2) whether the commission of another offense that is not a crime involving moral turpitude renders the "petty offense" exception inapplicable.

## III. APPLICABLE STATUTES

Section 240A(b)(1) of the Act, which sets forth the criteria to establish eligibility for cancellation of removal for certain nonpermanent residents, provides in pertinent part as follows:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
>> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>> (B) has been a person of good moral character during such period;
>> (C) *has not been convicted of an offense under section 212(a)(2)*, 237(a)(2) . . . .
> (Emphasis added.)

Section 212(a)(2)(A) provides in relevant part:

> (i) In General.—Except as provided in clause (ii), any alien convicted of . . .—
>> (I) a crime involving moral turpitude . . . is inadmissible.
> (ii) Exception.—Clause (i)(I) shall not apply to an alien who committed *only one crime* if—
>
> . . .
>> (II) the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).  (Emphasis added.)

Section 101(f) provides in relevant part:

> For the purposes of this Act—No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was
>
> . . .
>> (3)  a member of one or more of the classes of persons, whether inadmissible or not, *described in . . . subparagraphs (A) and (B) of section 212(a)(2)* . . . ; if the offense described therein, for which such person was convicted . . . , was committed during such period . . . .  (Emphasis added.)

## IV. ANALYSIS

### A.  Applicability of the "Petty Offense" Exception to Cancellation of Removal Eligibility

We first address whether the respondent's 1997 conviction for spousal injury rendered him ineligible for cancellation of removal under section 240A(b)(1)(C), or sections 240A(b)(1)(B) and 101(f)(3) of the Act.  We conclude that it does not.

We agree that the respondent's 1997 conviction is for a crime involving moral turpitude.  *See Matter of Tran*, *supra* (holding that willful infliction of corporal injury on a spouse in violation of section 273.5 of the California

Penal Code is a crime involving moral turpitude). However, this conviction, considered alone, clearly qualifies for the "petty offense" exception. The respondent was convicted under a misdemeanor statute that carried a maximum sentence of no more than 1 year in prison,[1] and he received a sentence of less than 6 months. Accordingly, we conclude that the respondent would not be inadmissible on the basis of this offense.

We further find that this conviction, standing alone, does not render the respondent ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act, which requires an applicant to show that he "has not been convicted of an offense under section 212(a)(2)." We view the plain language of this provision as incorporating the entirety of section 212(a)(2), including the exception for petty offenses set forth therein. Accordingly, we find that the "petty offense" exception also applies when determining eligibility for cancellation of removal.

For similar reasons, the respondent cannot be considered, on the basis of his 1997 conviction alone, an alien "described in" section 212(a)(2)(A) of the Act for purposes of the good moral character definition in section 101(f)(3). We find that an alien is not within the class of aliens described in section 212(a)(2)(A) if the "petty offense" exception applies to his or her crime. *See Matter of Urpi-Sancho*, 13 I&N Dec. 641 (BIA 1970) (holding that an alien convicted of a petty offense involving moral turpitude was not ineligible for voluntary departure); *Matter of M-*, 7 I&N Dec. 147 (BIA 1956) (same, regarding eligibility for suspension of deportation). Put in other terms, the "description" of the category of offenses encompassing crimes involving moral turpitude also includes the exception. Accordingly, the respondent is not barred, on the basis of the 1997 conviction alone, from establishing good moral character for purposes of section 240A(b)(1)(B) of the Act.[2]

Therefore, we do not find that the respondent's 1997 conviction for spousal injury is a conviction for a crime involving moral turpitude that disqualifies him from establishing eligibility for cancellation of removal under section 240A(b)(1)(C), or under sections 240A(b)(1)(B) and 101(f)(3).

---

[1] The offense of willful infliction of corporal injury under the California statute is a felony. However, as in *Matter of Tran*, *supra*, the respondent in this case was charged under the provisions of section 17(b)(4) of the California Penal Code that enabled the prosecutor to charge the offense at a misdemeanor level.

[2] In addition, the "whether inadmissible or not" language in section 101(f)(3), properly understood, does not show that the "petty offense" exception is inapplicable. In *Matter of M-*, *supra*, we held that the phrase "whether excludable or not" was primarily designed to assure that the provision was applicable to aliens in deportation proceedings, as well as to those in exclusion proceedings. *Id.* at 150-51. The change in phrase (which was brought about by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA")), from "whether excludable or not" to "whether inadmissible or not" was merely conforming in nature, reflecting the elimination of exclusion proceedings by the IIRIRA.

## B. "Only One Crime" Proviso

In his central holding, the Immigration Judge found that section 212(a)(2)(A)(ii) of the Act precluded the respondent from taking advantage of the "petty offense" exception because he had not been convicted of "only one crime." We do not agree.

The "only one crime" proviso, taken in context, is subject to two principal interpretations: (1) that it is triggered, as the Immigration Judge determined, by the commission of *any* other crime, including a mere infraction; or (2) that it is triggered only by the commission of another crime involving moral turpitude. So far as we are aware, the issue is one of first impression. For the reasons set forth below, we construe the "only one crime" proviso as referring to "only one *such* crime," meaning only one crime involving moral turpitude.[3]

As a threshold matter, we note that the Immigration Judge implicitly, and correctly, treated the respondent's 1994 conviction for battery as one that is not for a crime involving moral turpitude. *See Matter of Fualaau*, 21 I&N Dec. 475 (BIA 1996). Turning to section 212(a)(2)(A)(ii), we observe that an alien is not eligible for the "petty offense" exception unless the alien has *committed* "only one crime." Accepting the Immigration Judge's view would mean that the commission of *any* offense—even one of a very minor nature, such as a driving infraction—would preclude application of the "petty offense" exception. Although this is a possible construction of the "only one crime" phrase, we believe that the far more sensible construction is to read the word "crime" in the context of offenses that are the subject matter of section 212(a)(2)(A). Viewed in this fashion, the word "crime" refers most logically to a crime involving moral turpitude. It seems extremely unlikely that Congress, having determined to create a "petty offense" exception to inadmissibility based on an alien's commission of a crime involving moral turpitude—a significant policy decision—would have intended to divest the alien of the benefit of that exception if he or she were found to have committed *any* other crime, including a mere infraction.

The history of the provision also militates strongly in favor of a construction that interprets the word "crime" as meaning a second crime involving moral turpitude. For over half a century, beginning with the Immigration and Nationality Act of 1952, the statute has contained a "petty offense" exception ground of excludability/inadmissibility for a crime

---

[3] A third conceivable meaning is that the bar applies more broadly to the commission of any other offense that would be a ground of inadmissibility under section 212(a)(2). But we do not believe this construction is valid because it would lead to partial redundancy, in that each of the other offenses described in section 212(a)(2) provides an independent ground for finding an alien ineligible for cancellation of removal under section 240A(b)(1)(C).

involving moral turpitude. Although the exception underwent various substantive changes, until the Immigration Act of 1990, Pub. L. No. 101-649, 1990 U.S.C.C.A.N. (104 Stat.) 4978 ("1990 Act"), a constant element was that the "only one crime" bar was always cast in terms of "only one *such* offense." Section 212(a)(9) of the Act, 8 U.S.C. § 1182(a)(9) (1988) (emphasis added). Thus, the exception was unavailable only if the alien had committed more than one crime involving moral turpitude. *See, e.g.*, *Matter of Urpi-Sancho*, *supra*, at 642 (noting that "conviction of just one petty offense involving moral turpitude will not make an alien excludable under [section 212(a)(9)]").

It is in this context that we must consider the changes wrought by the Immigration Act of 1990. Because the Act's enforcement-related provisions, including the provision at issue here, were added to the Act in conference and apparently had their source in various House and Senate bills, no committee reports explaining the amendments to section 212(a) exist. It seems clear, however, that the amendment with which we are concerned had two purposes: one organizational, and the other substantive.

Prior to the organizational change, the law had six criminal and related grounds of exclusion, including section 212(a)(9), which related to crimes involving moral turpitude. The 1990 Act consolidated all of these into section 212(a)(2), and in the course thereof made several purely stylistic changes.

The substantive modifications related to the scope of the "petty offense" exception. In 1984 Congress had simplified the provision to some degree, by shifting the focus from whether the crime was classifiable as a felony or a misdemeanor to what sentence was actually imposed. *See* Continuing Appropriations, 1985—Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, tit. II, § 220(a), 1984 U.S.C.C.A.N. (98 Stat.) 1837, 1976, 2027-28 (1994). In doing so, however, it allowed many aliens who were convicted of serious offenses, but who received minor sentences, to escape a finding of inadmissibility. The 1990 Act reversed this policy, requiring that the offense itself, as well as the sentence imposed, be relatively minor. By 1990, the 1984 amendment had also created a complication because in 1988 we held that a suspended sentence was one actually imposed. *See Matter of Castro*, 19 I&N Dec. 692 (BIA 1988). Thus it became important to determine whether the criminal court had suspended the imposition or execution of a sentence. The 1990 Act resolved this problem by adding language that the exception applies "regardless of the extent to which the sentence was ultimately executed." Immigration Act of 1990, § 601, 104 Stat. at 5067-68.

There is no indication—apart from deletion of the word "such" itself—that the 1990 change in the "only one crime" provision at issue here was anything more than a stylistic change resulting from the reorganization of section

212(a), it being implicit that the bar is only activated by an alien's commission of another turpitudinous offense. This, in combination with the history of the provision, confirms our understanding that the "only one crime" bar is meant to apply only where the alien is found to have committed another crime involving moral turpitude.

We conclude that the phrase "only one crime" in section 212(a)(2)(A)(ii) of the Act does not bear the construction placed upon it by the Immigration Judge. The basis on which the Immigration Judge found the respondent ineligible for cancellation of removal cannot, therefore, be sustained. Accordingly, we will remand the case for further proceedings.

## C. Voluntary Departure

The Immigration Judge also found the respondent ineligible for voluntary departure because his 1997 conviction precluded him from establishing good moral character for the requisite 5-year period. For reasons previously stated, we disagree and find that the conviction does not bar him from this form of relief on statutory grounds.

## V. CONCLUSION

The respondent's appeal will be sustained and this matter will be remanded to the Immigration Judge for consideration of the respondent's applications for relief, consistent with this decision. We express no view on whether the respondent otherwise meets the requirements for such relief or merits a grant in the exercise of discretion.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with this opinion, and for the entry of a new decision.