**Mario LUNA–AREVALO, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 04–70651.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Francisco J. Aldana, Esq., Law Offices of Francisco J. Aldana, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ–U.S. De-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

■■■■■■■■

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Mario Luna–Arevalo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

■ Reviewing de novo, *id.,* we reject Luna–Arevalo's contention that he is eligible for cancellation of removal under *Matter of Garcia–Hernandez,* 23 I. & N. Dec. 590 (BIA 2003), because that case addressed a crime involving moral turpitude and the agency concluded that Luna–Arevalo was convicted of a crime of domestic violence. *See* 8 U.S.C. §§ 1227(a)(2)(E)(i), 1229b(b)(1)(c); *Gonzalez–Gonzalez v. Ashcroft,* 390 F.3d 649, 653 (9th Cir.2004) ("Congress intended to make aliens who committed crimes of domestic violence ineligible to apply for cancellation of removal and did not intend to carve out an exception for inadmissible aliens."). Congress's line-drawing in these provisions does not violate the Constitution. *See Taniguchi v. Schultz,* 303 F.3d 950, 957 (9th Cir.2002).

■ We lack jurisdiction to address Luna–Arevalo's contentions regarding his charge of removability and alleged ineffective assistance of counsel, as these contentions were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004); *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

■■■■■■■■

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

