**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARIO MARTINEZ GARCIA,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9564
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

An immigration judge (IJ) pretermitted petitioner Mario Martinez Garcia's

request for cancellation of removal, finding he had been convicted of a crime

involving moral turpitude (CIMT). Mr. Garcia moved for reconsideration; the IJ

denied his motion. He appealed that denial to the Board of Immigration Appeals

(BIA), which dismissed his appeal. Mr. Garcia now seeks review of the BIA's

decision. Discerning no abuse of discretion, we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Garcia is a native and citizen of Mexico who entered this country on an unknown date without being lawfully admitted or paroled. In proceedings before the IJ, he admitted the factual allegations of the notice to appear and conceded the charge of removal, but indicated he would seek discretionary cancellation of removal. *See* 8 U.S.C. § 1229b(b).

If previously convicted of a CIMT, however, Mr. Garcia would be ineligible for cancellation of removal. *Id.* §§ 1229b(b)(1)(C), 1227(a)(2)(A)(i). As an alien seeking affirmative relief, he had the burden to prove the absence of any impediment to discretionary relief, including the absence of a conviction for a CIMT. *Garcia v. Holder*, 584 F.3d 1288, 1290 (10th Cir. 2009); *see also* 8 C.F.R. § 1240.8(d) (stating that alien has "burden of establishing that he or she is eligible for any requested benefit or privilege. If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.").

As part of proceedings before the IJ, Mr. Garcia submitted a copy of a 2006 Deferred Adjudication Judgment from Dallas County, Texas. That judgment showed he had been charged with "Assault DV," a Class "A" misdemeanor. Admin. R. at 84. Mr. Garcia pleaded nolo contendere to the charge and was sentenced to a fine and

2

community supervision.  *See id.*[1]  The parties agree that the statute of conviction was

Texas Penal Code § 22.01(a).

That section states:

(a) A person commits an [assault] offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Texas law defines "bodily injury" as "physical pain, illness, or any impairment

of physical condition."  *Id.* § 1.07(a)(8).

At a subsequent hearing,[2] the IJ found, based on the limited evidence that

Mr. Garcia had submitted, that the Texas assault conviction was for "assault domestic

violence" and was a CIMT that made Mr. Garcia statutorily ineligible for

---

[1]    The judgment also bore a handwritten notation reading "NO CONVICTION."  Admin. R. at 84.  Mr. Garcia does not argue that this language affects the question of whether he was convicted of a CIMT.

[2]    The hearings in this case took place in Dallas, Texas as well as Oklahoma City, and the IJ's decisions were issued from the Dallas Immigration Court.  Prior to the final hearing, however, the hearing location was changed to Oklahoma City, and Mr. Garcia appeared at his final hearing in Oklahoma City with the IJ appearing from Dallas via remote conferencing.  The parties do not dispute that venue for the petition for review is proper in this court.  Proper venue under 8 U.S.C. § 1252(b)(2) is not jurisdictional.  *Lee v. Lynch*, 791 F.3d 1261, 1263-64 (10th Cir. 2015).  Even if certain factors point to venue in the Fifth Circuit, *see id.* at 1266 (identifying factors pertinent to venue), other factors such as Mr. Garcia's presence in Oklahoma and the use of teleconferencing favor venue in this court.  Moreover, the interests of justice do not favor a transfer to the Fifth Circuit, particularly where neither party has sought a transfer.

cancellation relief. Admin. R. at 51. The IJ issued a brief written order pretermitting Mr. Garcia's request for cancellation of removal and granting his request for voluntary departure. In the alternative, he ordered him removed to Mexico.

Mr. Garcia filed a motion for reconsideration. In his motion, he argued that his 2006 assault conviction was not categorically a CIMT. He also stated that he had requested "the full and complete court file" concerning that conviction from the Dallas County Court Clerk. *Id.* at 68. But he did not submit a copy of the indictment or information relevant to the assault conviction.

In his decision denying reconsideration, the IJ noted that Mr. Garcia had the burden of proof to show that he had not been convicted of a disqualifying offense. The Deferred Adjudication Judgment showed that he had been convicted of a Class A misdemeanor, meaning that he must have been convicted under § 22.01(a)(1) rather than the other subsections of § 22.01(a), which are Class C misdemeanors. Thus, the IJ reasoned, his crime was a CIMT that disqualified him from relief.

The IJ also addressed Mr. Garcia's other argument, involving the so-called "petty offense exception" to the CIMT bar. The cancellation-of-removal statute provides that an alien is ineligible for relief if he has been "convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title." 8 U.S.C. § 1229b(b)(1)(C). One of these sections, § 1182(a)(2), contains a "petty offense exception." This exception applies if the alien committed only one crime and the maximum penalty possible for the alien's CIMT did not exceed imprisonment for one year, and if the alien was not sentenced to a term of imprisonment in excess of six

4

months.  8 U.S.C. § 1182(a)(2)(A)(ii)(II).  Mr. Garcia contended that his conviction met the petty offense exception, and he therefore remained eligible for cancellation relief.  The IJ rejected this argument, concluding that Mr. Garcia was ineligible because he had been convicted of a CIMT described under 8 U.S.C. § 1227(a)(2), even if such conviction also fell within the exception described in § 1182(a)(2)(A)(ii)(II).

On appeal, the BIA agreed with the IJ's analysis.  Citing *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 825-26 (5th Cir. 2012), a case analyzing an alien's conviction under § 22.01(a)(1), the BIA concluded that Mr. Garcia had been convicted of a CIMT.  The BIA also agreed with the IJ that Mr. Garcia's conviction of an offense described in § 1227(a)(2)(A)(i) made him ineligible for cancellation relief, even if the offense also fell under the petty offense exception of § 1182(a)(2)(A)(ii)(II).

## DISCUSSION

Our standard of review is a narrow one.  We review the agency's denial of a motion for reconsideration for an abuse of discretion.  *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."  *Tang v. Ashcroft*, 354 F.3d 1192, 1194 (10th Cir. 2003) (internal quotation marks omitted).  Because a single member of the BIA affirmed the IJ's denial of petitioner's motion for reconsideration in a brief order, we review the BIA's

5

order rather than the decision of the IJ. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.*

### 1. Crime Involving Moral Turpitude

A "'crime involving moral turpitude' is not defined by statute, [but] we have said that moral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between man and man, either one's fellow man or society in general." *Rodriguez–Heredia v. Holder*, 639 F.3d 1264, 1268 (10th Cir. 2011) (internal quotation marks and brackets omitted). "To determine whether a state conviction is a [CIMT], we ordinarily employ the categorical approach." *Id.* at 1267. Under this approach, we consider only the statutory definition of the offense, without regard to the particular factual circumstances of the alien's conviction. *Id.* A state conviction qualifies as a CIMT "only if all violations of the statute would qualify, regardless of how the specific offender might have committed it on a particular occasion." *United States v. Trent*, 767 F.3d 1046, 1052 (10th Cir. 2014) (internal quotation marks and brackets omitted), *cert. denied*, 135 S. Ct. 1447 (2015).

A conviction under Texas Penal Code § 22.01(a) is not categorically a CIMT, because the conduct proscribed by subsection (a)(3) of the statute, which consists of merely offensive or provocative contact, does not qualify as morally turpitudinous. *See, e.g.*, *In re Solon*, 24 I. & N. Dec. 239, 241 (BIA 2007) ("Many simple assault

6

statutes prohibit a wide range of conduct or harm, including de minimis contact or harm, such as offensive or provocative physical contact or insults, which is not ordinarily considered to be inherently vile, depraved, or morally reprehensible."). If a state conviction is not categorically a CIMT, in appropriate cases we may turn to what is referred to as the "modified categorical approach." *Trent*, 767 F.3d at 1052. "This approach is warranted when a statute is divisible: that is, when it sets out one or more elements of the offense in the alternative. . . ." *Id.* (internal quotation marks omitted). Under this approach we "examine[ ] certain definitive underlying documents to determine which alternative the [alien's] conviction satisfied," *id.*, i.e., whether he was convicted under alternative elements that qualify as a CIMT or alternative elements that do not.

The IJ and the BIA determined that § 22.01 was a divisible statute, that Mr. Garcia had been convicted under subsection (a)(1), and that a conviction under subsection (a)(1) qualified as a CIMT. Mr. Garcia argues that a conviction under subsection (a)(1) is not necessarily a CIMT because such a conviction does not require any aggravating factor necessary to turn a simple assault into a CIMT, and because subsection (a)(1) permits a conviction with only reckless intent.

"[I]n the context of assault crimes, a finding of moral turpitude involves an assessment of both the state of mind and the level of harm required to complete the offense." *Solon*, 24 I. & N. Dec. at 242. Although an aggravating factor such as "serious physical injury or the use of a deadly weapon . . . can be important in determining whether a particular assault amounts to a [CIMT] . . . the need for, and

7

the nature of, any aggravating factor is affected by the mental state required for the conviction." *Id.* at 245. "[A]s the level of conscious behavior decreases, i.e., from intentional to reckless conduct, more serious resulting harm is required in order to find that the crime involves moral turpitude." *Id.* at 242.

Where mere recklessness is involved, assault will be treated as a CIMT only where "the element of a reckless state of mind [is] coupled with an offense involving the infliction of serious bodily injury." *In re Fualaau*, 21 I. & N. Dec. 475, 478 (BIA 1996). But *serious* bodily injury is not required where specific intent is involved; an assault defined to include "both specific intent and physical injury[] is a crime involving moral turpitude." *Solon*, 24 I. & N. Dec. at 243.

Thus, a conviction under § 22.01(a)(1) for "recklessly caus[ing] bodily injury to another," which would require *neither* a showing of specific intent to harm *nor* serious bodily injury or some other aggravating factor, would likely not involve a CIMT. But the record in this case is inconclusive concerning whether Mr. Garcia was charged with and pled no contest to mere recklessness or to *intentionally and knowingly* causing bodily injury to another—defined under Texas law as causing physical pain, illness, or impairment. Under the authority relied on by the BIA, a conviction for intentional and knowing assault under § 22.01(a)(1) would be sufficient basis for a CIMT finding, even if the only bodily injury statutorily required was one that went beyond an offensive touching. *See Esparza-Rodriguez*, 699 F.3d at 825-26 (relying on indictment that charged intentional or knowing assault under § 22.01(a)(1) to conclude that alien was convicted of "an intentional or knowing

8

assault . . . which, statutorily, did cause bodily injury beyond an offensive touching" and thus had been convicted of a CIMT).[3]

As we have noted, Mr. Garcia affirmatively sought discretionary relief to prevent his removal from this country and therefore had the burden to prove the absence of any impediment to discretionary relief, including the absence of a conviction for a CIMT. *Garcia*, 584 F.3d at 1289-90 (stating alien who sought cancellation of removal, voluntary departure, and temporary protected status relief had burden of showing he was convicted of only recklessly, rather than knowingly, causing bodily injury and thus had not been convicted of a CIMT); 8 C.F.R. § 1240.8(d). Had he provided the indictment or other charging document, it could have been used to resolve the issue of whether he had been charged and pled to a knowing or intentional assault, as was the case in *Esparza-Rodriguez*, or whether the charge included mere recklessness. *See Descamps v. United States*, 133 S. Ct. 2276, 2285 n.2 (2013) ("Whatever a statute lists (whether elements or means), the . . . indictment, jury instructions, plea colloquy, and plea agreement . . . reflect the crime's elements. . . . [Thus, when] a state law is drafted in the alternative, the

---

[3] The inconclusive nature of the record here, leaving open the possibility of a conviction for knowing or intentional assault with bodily injury, distinguishes cases on which Mr. Garcia relies. In *Fualaau*, the alien's guilty plea specifically indicated he had been convicted of only reckless assault. *Fualaau*, 21 I. & N. Dec. at 476, 478. In *In re Perez-Contreras*, 20 I. & N. Dec. 615 (BIA 1992), the alien was convicted of causing injury "with criminal negligence." *Id.* at 618 (internal quotation marks omitted). To the extent it is factually similar, *In re Rosas-Barron*, No. A75 211 954, 2005 WL 649135 (BIA Jan. 10, 2005) is an unpublished decision without precedential value. *See Guillen-Garcia v. INS*, 60 F.3d 340, 345 (7th Cir. 1995) (stating unpublished BIA decisions have no precedential value and failure to apply them does not represent an abuse of discretion).

court . . . resorts to the approved documents [including the indictment] and compares *the elements revealed there* to those of the generic offense" (emphasis added)); *cf. United States v. Ridens*, 792 F.3d 1270, 1272-73 (10th Cir.) (approving use of "generically limited charging document" that "narrowed the charges to the generic limit" as part of modified categorical approach), *cert. denied*, 136 S. Ct. 494 (2015). But because the record is inconclusive, Mr. Garcia has failed to demonstrate that the BIA abused its discretion in relying on *Esparza-Rodriguez* to conclude that he was ineligible for cancellation of removal relief. *See Garcia*, 584 F.3d at 1290.

### 2. "Petty Offense Exception"

Mr. Garcia also argues that even if he had been convicted of a CIMT, the BIA should have followed *In re Garcia-Hernandez*, 23 I. & N. Dec. 590 (BIA 2003), and found him eligible for relief. In that case, the BIA held that an alien who had been convicted of a CIMT that qualified for the "petty offense" exception in 8 U.S.C. § 1182(a)(2)(A)(ii)(II) was eligible to apply for cancellation of removal. *See Garcia-Hernandez*, 23 I. & N. Dec. at 592-93. In later cases, however, the BIA has explained that even where a CIMT qualifies for the petty offense exception, the alien is ineligible for cancellation of removal if his crime also qualifies as a CIMT under § 1227(a)(2)(A)(i)—a subsection that does not contain an exception for petty offenses. *See, e.g.*, *In re Cortez*, 25 I. & N. Dec. 301, 311 (BIA 2010).

Mr. Garcia argues that the result in these later cases conflicts with *Garcia-Hernandez*, and the BIA should therefore have followed its earlier case. But the BIA has explained that *Garcia-Hernandez* did not resolve the issue of whether an

10

alien subject to the "petty offense" exception in § 1182(a)(2)(A)(ii)(II) is nonetheless ineligible for cancellation under § 1227(a)(2) because the issue simply "was not raised by the parties" in *Garcia-Hernandez*. *In re Cortez*, 25 I. & N. Dec. at 309. Thus, there is no conflict and the BIA was not required to follow its prior result in *Garcia-Hernandez*.

We have considered the additional arguments Mr. Garcia raises concerning this point, and found them unpersuasive. The BIA did not abuse its discretion in concluding that he was ineligible for cancellation of removal notwithstanding the petty offense exception.

## CONCLUSION

The petition for review is denied.

Entered for the Court

Bobby R. Baldock
Circuit Judge

11