**Mario Martinez GARCIA, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

No. 15-9564

United States Court of Appeals, Tenth Circuit.

August 29, 2016

Thomas Mark Bondy, Robert Mark Loeb, Aaron Scherzer, Orrick, Herrington & Sutcliffe LLP, New York, NY, Brian Philip Goldman, U.S. Department of Justice, Civil Division, Appellate Staff, Washington, DC, Steven Franklin Langer, Langer Law, PLC, Oklahoma City, OK, for Petitioner.

Wendy Benner–Leon, General Counsel, Greg D. Mack, Esq., Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, DC, DOH/EOIR/BIA, Falls Church, VA, John Longshore, Director, DHS Immigration and Customs Enforcement, District of Colorado, Centennial, CO, for Respondent.

Jayashri Srikantiah, Mills Legal Clinic, Immigrants' Rights Clinic, Stanford, CA, for Movants.

Before KELLY, PORFILIO, and BALDOCK, Circuit Judges.

## ORDER AND JUDGMENT *

Bobby R. Baldock, Circuit Judge

This matter comes before the panel on Mr. Garcia's petition for rehearing and rehearing en banc. The Attorney General has responded to the petition with an unopposed motion asking that this court vacate its previous decision, vacate the Board of Immigration Appeal (BIA)'s decision, and remand to the BIA for further proceedings. Upon consideration, we grant the Attorney General's motion. We deny the petition for rehearing as moot.

Mr. Garcia is a native and citizen of Mexico who entered this country on an unknown date without being lawfully admitted or paroled. In proceedings before an immigration judge (IJ), he admitted the factual allegations of the notice to appear and conceded the charge of removal, but sought discretionary cancellation of removal. See 8 U.S.C. § 1229b(b). The IJ denied this relief and denied Mr. Garcia's motion to reconsider, finding that he was ineligible for relief because he had previously been convicted of a crime involving moral turpitude (CIMT).

On August 17, 2015, the BIA dismissed Mr. Garcia's appeal from the IJ's decision denying his motion to reconsider. The BIA determined that Mr. Garcia's statute of conviction, Texas Penal Code § 22.01(a)(1), was a divisible statute and thus subject to analysis under the modified categorical approach. Applying that approach, it concluded that Mr. Garcia had been convicted of a CIMT and was therefore ineligible for cancellation of removal relief. Mr. Garcia petitioned for review from the BIA's decision, and we denied his petition. *Garcia v. Lynch*, 646 Fed.Appx. 582 (10th Cir. 2016).

Subsequent intervening Supreme Court authority has cast doubt on whether the alternative mental states contained in Texas Penal Code § 22.01(a)(1) make it a "divisible" statute for purposes of the modified categorical approach. In *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 2253 n.3, 195 L.Ed.2d 604 (2016), the Court noted the possibility that the alternative mental states identified in § 22.01(a)(1), which criminalizes "intentionally, knowingly, or recklessly" assaulting a person, are "interchangeable means of satisfying a single *mens rea* element." The modified categorical approach can only be used to determine which elements played a part in the defendant's conviction, not the means by which a crime was committed. *Mathis*, 136 S.Ct. at 2253. The Fifth Circuit, in *Gomez–Perez v. Lynch*, 829 F.3d 323, 327–28 (5th Cir. 2016), applying *Mathis*, concluded that the differing culpable mental states in § 22.01(a)(1) merely offered alternative means of committing an offense, and that the modified categorical approach was therefore inapplicable to a conviction under § 22.01(a)(1). If § 22.01(a)(1) is not divisible, and categorically permits a conviction based only on "recklessly" assaulting a person, without a further requirement of the infliction of "serious bodily injury," such a conviction would likely not constitute a CIMT. *See, e.g., In re Fualaau*, 21 I. & N. Dec. 475, 478 (BIA 1996) (noting that for a simple assault to constitute a CIMT, "the element of a reckless state of mind must be coupled with an offense involving the infliction of serious bodily injury.").

We therefore vacate this court's previous order and judgment, vacate the BIA's decision, and remand this matter to the BIA for further consideration in light of

---

*Mathis, Gomez–Perez,* and all other material facts and law applicable to Mr. Garcia's application for relief. The petition for rehearing, along with the motion of Immigrant Defense Project, et al., to file an amicus curiae brief in support of rehearing, are denied as moot.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.