NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL CAPILLA-MORALES,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-70875

Agency No. A070-747-263

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2023[**]
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Rafael Capilla-Morales, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision affirming an immigration

judge ("IJ") order denying cancellation of removal. The BIA concluded that

Capilla-Morales' conviction under California Penal Code § 273.5(a) qualifies as a

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1227(a)(2), rendering him ineligible for cancellation of removal under 8 U.S.C. 1229b(b)(1)(C). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Capilla-Morales does not dispute that his conviction for infliction of corporal injury on his spouse under Section 273.5(a) qualifies as a CIMT. *See* 8 U.S.C. § 1227(a)(2). Nor does he dispute that his offense carried a maximum sentence of at least one year. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(II). However, Capilla-Morales contends that his conviction under Section 273.5(a) was not for "an offense under" Section 1227(a)(2)(A)(i) that would bar him from cancellation of removal because he did not commit the CIMT within five years of admission to the United States. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(A)(i)(I).

The BIA rejected this argument based on its decision in *Matter of Ortega-Lopez*, 27 I. & N. Dec. 382 (BIA 2018). There, the BIA concluded that, "pursuant to the cross-reference in § 1229b(b)(1)(C), [a noncitizen] is ineligible for cancellation of removal if the [noncitizen] has been convicted of a [CIMT] for which a sentence of one year or more may be imposed, regardless whether the [noncitizen] meets the immigration prerequisites for inadmissibility or deportability." *Ortega-Lopez v. Barr*, 978 F.3d 680, 693 (9th Cir. 2020). We recently concluded that the BIA's interpretation of Section 1229b(b)(1)(C) in *Matter of Ortega-Lopez* is permissible and therefore entitled to deference

under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Ortega-Lopez*, 978 F.3d at 690–93. Our decision in *Ortega-Lopez* thus forecloses Capilla-Morales' argument based on the date he committed the CIMT.

2.  Capilla-Morales also argues that his conviction does not qualify as an "offense under" Section 1227(a)(2) because it is eligible for the "petty offense" exception set forth in 8 U.S.C. § 1182(a)(2)(A)(ii). Like the petitioner in *Ortega-Lopez*, Capilla-Morales relies on *Matter of Garcia-Hernandez*, 23 I. & N. Dec. 590, 593 (BIA 2003), which held that Section 1229b(b)(1)(C) incorporated the "petty offense" exception, such that a noncitizen who has been convicted of a CIMT that falls within this exception is eligible for cancellation of removal. Recognizing that *Matter of Garcia-Hernandez* was abrogated in part by *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004), we rejected the argument that the BIA's interpretation of Section 1229b(b)(1)(C) conflicts with *Matter of Garcia-Hernandez*. *Ortega-Lopez*, 978 F.3d at 692 n.11. Therefore, Capilla-Morales' domestic violence conviction renders him ineligible for cancellation of removal, and we deny the petition.

**PETITION DENIED.**