# Matter of Armando GARCIA, Respondent

File A076 405 204 - Oklahoma City, Oklahoma

*Decided September 13, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction for a single crime involving moral turpitude that qualifies as a petty offense is not for an "offense referred to in section 212(a)(2)" of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2) (2006), for purposes of triggering the "stop-time" rule in section 240A(d)(1) of the Act, 8 U.S.C. § 1229b(d)(1) (2006), even if it renders the alien removable under section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006).

FOR RESPONDENT: Arthur Campbell Cooke, Esquire, Tulsa, Oklahoma

BEFORE: Board Panel: FILPPU, PAULEY, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated May 12, 2009, an Immigration Judge found the respondent removable, denied his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2006), and granted his request for voluntary departure. The respondent has appealed from the denial of cancellation of removal. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on or about March 3, 1999. The record reflects that the respondent was convicted on October 23, 2001, of misdemeanor assault and battery, domestic, in violation of Oklahoma law, for which the maximum penalty is confinement of 1 year, and for which he was sentenced to 3 years of probation. Removal proceedings were initiated

---

[1] The respondent's request for oral argument is denied. *See* 8 C.F.R. § 1003.1(e)(7) (2010).

against the respondent with the service of a Notice to Appear (Form I-862) on October 20, 2006.

The Immigration Judge found that the respondent is removable under section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006), as an alien convicted of a crime involving moral turpitude committed within 5 years after the date of admission. The Immigration Judge also denied the respondent's application for cancellation of removal based on his October 2001 conviction for a crime involving moral turpitude, which had been committed the previous June. Specifically, the Immigration Judge found that although the respondent's crime involving moral turpitude qualified as a petty offense under section 212(a)(2)(A)(ii)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (2006), the "stop-time" rule in section 240A(d)(1) was triggered because the offense was "referred to" in section 212(a)(2)(A)(i)(I). The Immigration Judge therefore concluded that the respondent was unable to establish the 7 years of continuous residence required by section 240A(a)(2). We review this question of law de novo and disagree with the Immigration Judge. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2010); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

## II.  ISSUE

The respondent does not challenge the Immigration Judge's determination that his conviction was for a crime involving moral turpitude, and his removability is not in dispute. Thus, the sole issue on appeal is whether the language of section 240A(d)(1) of the Act, "an offense referred to in section 212(a)(2)," insofar as it relates to crimes involving moral turpitude, incorporates the petty offense exception.

## III.  APPLICABLE STATUTES

Section 240A(a) of the Act, which sets forth the criteria to establish eligibility for cancellation of removal for certain permanent residents, provides as follows:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>> (3) has not been convicted of any aggravated felony.

Section 240A(d)(1), which provides special rules for determining an alien's continuous residence or physical presence, states the following, in relevant part:

> For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end (A) . . . when the alien is served a notice to appear . . . , or (B) when the alien has committed *an offense referred to in section 212(a)(2)* that renders the alien inadmissible to the United States under section 212(a)(2) or removable from the United States under section 237(a)(2) or 237(a)(4), whichever is earliest.

(Emphasis added.)

Section 212(a)(2)(A) of the Act sets forth, in pertinent part, the ground of inadmissibility relating to crimes involving moral turpitude and the petty offense exception as follows:

> (i)  In General
> Except as provided in clause (ii), any alien convicted of . . . —
>     (I) a crime involving moral turpitude . . .
>     is inadmissible.
> (ii)  Exception
> Clause (i)(I) shall not apply to an alien who committed only one crime if—
>     . . .
>     (II) the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

## IV.  ANALYSIS

The "offense-related" portion of the stop-time rule, section 240A(d)(1)(B) of the Act, contains two conditions that must be met to halt accrual of continuous residence under section 240A(a)(2).  The offense must be one that is "referred to in section 212(a)(2)," and it also must be one that "renders the alien inadmissible . . . or removable" on specified grounds.  In this case, we focus on the "referred to in section 212(a)(2)" clause, because it is undisputed that the respondent's October 2001 conviction for a crime involving moral turpitude committed within 5 years after his March 1999 admission renders him removable, as charged, under section 237(a)(2)(A)(i).

As the Immigration Judge determined, the respondent's crime falls within the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act, since the maximum penalty possible for the crime did not exceed imprisonment for 1 year and the respondent was not sentenced to a term of imprisonment in excess of 6 months.  Because the respondent's conviction renders him removable prior to his accrual of the requisite 7 years of continuous residence for cancellation of removal, it is necessary to examine whether his conviction

for a single petty offense is "an offense referred to in section 212(a)(2)," which would trigger the stop-time rule in section 240A(d)(1).[2]  We conclude that it is not.

In *Matter of Garcia-Hernandez*, 23 I&N Dec. 590, 593 (BIA 2003), we held that for purposes of determining eligibility for cancellation for certain nonpermanent residents, the language of section 240A(b)(1)(C) of the Act, "convicted of an offense under section 212(a)(2)," did not encompass a crime involving moral turpitude that was subject to the petty offense exception, because the plain language of the statute referenced the entirety of section 212(a)(2), including the petty offense aspect.  Likewise, we held that an alien was not convicted of an offense "described in" section 212(a)(2)(A) for purposes of the good moral character definition in section 101(f)(3) of the Act, 8 U.S.C. § 1101(f)(3) (Supp. IV 1998), where the crime was subject to the petty offense exception.  *Id.*; *see also Matter of Pedroza*, 25 I&N Dec. 312 (BIA 2010) (holding that the alien's conviction for a crime involving moral turpitude was not "described under" either section 212(a)(2) or 237(a)(2)(A)(i) of the Act where the maximum possible sentence for his crime was less than 1 year and he was sentenced to 10 days in jail, so it did not render him ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act); *cf. Matter of Cortez*, 25 I&N Dec. 301 (BIA 2010) (explaining that the alien's conviction was for an offense that was punishable by a sentence to imprisonment for a year and was therefore "described under" section 237(a)(2), even though it otherwise qualified for the petty offense exception and was therefore not "described under" section 212(a)(2)).

We similarly conclude that the phrase "an offense referred to in section 212(a)(2)" of the Act also incorporates the petty offense exception for purposes of the stop-time rule in section 240A(d)(1), because the "offense" referred to is qualified by the petty offense exception in section 212(a)(2)

---

[2] We did not analyze the "offense referred to" clause in *Matter of Deanda-Romo*, 23 I&N Dec. 597 (BIA 2003).  Instead, in that case, we focused on the "renders the alien inadmissible . . . or removable" clause.  Specifically, we found that the respondent's two convictions for crimes involving moral turpitude did not stop time before he established the requisite 7 years of continuous residence, because the first conviction was for a petty offense for which the respondent was not inadmissible (so it did not "render [him] inadmissible" under section 212(a)(2) within the meaning of section 240A(d)(1) of the Act), and the second offense did not occur until after the respondent had accrued the necessary period of continuous residence.  We also observed that the remaining language in section 240A(d)(1), referencing an offense that renders an alien removable under section 237(a)(2), was inapplicable because neither of the crimes of the respondent in that case was committed within 5 years of admission.  The situation here is different, because the respondent's crime was committed within 5 years of his admission.  Hence, unlike in *Matter of Deanda-Romo*, the respondent's offense renders him removable under section 237(a)(2) and would trigger the stop-time rule if it was also an offense "referred to in section 212(a)(2)."

itself.[3]  *See also Matter of Campos-Torres*, 22 I&N Dec. 1289, 1292-95 (BIA 2000) (recognizing that in section 240A(d)(1) of the Act, Congress enacted a rule requiring a determination that an offense is included in section 212(a)(2) before it will operate to cut off the accrual of time, and holding that the alien's firearms offense, which rendered him deportable under section 237(a)(2)(C), did not "stop time" under section 240A(d)(1) because it was not "referred to in section 212(a)(2)"). In other words, a conviction for a single crime involving moral turpitude that is subject to the petty offense exception does not stop time. Therefore, the respondent is not barred by his conviction for a single petty offense from establishing the 7 years of continuous residence required to establish eligibility for cancellation of removal under section 240A(a)(2) of the Act.

## V. CONCLUSION

The respondent's period of continuous residence began when he was admitted as a lawful permanent resident in March of 1999. The Notice to Appear was not served until more than 7 years later in October of 2006, and the respondent's 2001 conviction for a petty offense had not independently stopped his continuous residence from accruing. *See* section 240A(d)(1) of the Act. Therefore, the respondent has satisfied the continuous residence requirement of section 240A(a)(2). Accordingly, his appeal will be sustained and the record will be remanded to the Immigration Judge for a hearing on the merits of the respondent's application for cancellation of removal.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[3] We note that while *Matter of Cortez*, 25 I&N Dec. 301, addressed a similar petty offense issue, that case is distinguishable because it involved different language in another provision of the Act. In *Cortez*, even though the alien's conviction qualified for the petty offense exception, we held that her offense was "described under" section 237(a)(2) on the basis of the sentence that could have been imposed. She was therefore ineligible for cancellation of removal pursuant to section 240A(b)(1)(C) of the Act. The analysis in this case focuses on the "referred to in section 212(a)(2)" clause of section 240A(d)(1) and requires a different result.