# Matter of Fidencio PINA-GALINDO, Respondent

*Decided September 23, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien is ineligible for cancellation of removal under section 240A(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(C) (2012), if he or she falls within the scope of section 212(a)(2)(B) of the Act, 8 U.S.C. § 1182(a)(2)(B) (2012), as having been convicted of two or more offenses for which the aggregate sentences imposed were 5 years or more.

FOR RESPONDENT: Stephen O'Connor, Esquire, Austin, Texas

BEFORE: Board Panel: PAULEY and GREER, Board Members; DONOVAN, Temporary Board Member.

PAULEY, Board Member:

In a decision dated August 13, 2013, an Immigration Judge found the respondent removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien present in the United States without permission. The Immigration Judge also pretermitted the respondent's application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012), but granted him the privilege of voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Mexico. The record reflects that he has multiple convictions related to intoxication, including a 2005 third degree felony conviction for driving while intoxicated, for which he received a suspended sentence of 10 years of confinement and 5 years of probation. He conceded that he is removable but applied for the relief of cancellation of removal.

To be eligible for cancellation of removal, an alien must establish, among other things, that he has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) of the Act. *See* section 240A(b)(1)(C) of the Act. The Immigration Judge determined that the respondent was statutorily ineligible for cancellation of removal because he fell within the scope of section 212(a)(2)(B) of the Act based on his

convictions for two or more offenses for which the aggregate sentences to confinement were 5 years or more.[1]

On appeal, the respondent challenges the Immigration Judge's decision to pretermit his application for cancellation of removal. He argues that section 212(a)(2)(B) of the Act does not relate to any unspecified offense but, rather, is limited to the offenses described in section 212(a)(2)(A)(i), namely, crimes involving moral turpitude and violations of controlled substances laws. He also contends that the use of the singular word "offense" in section 240A(b)(1)(C) indicates that it does not encompass multiple offenses and therefore does not include section 212(a)(2)(B) of the Act, which requires convictions for two or more offenses.

In this regard, the respondent relies on legislative history, specifically the Conference Report for the legislation enacting section 240A(b)(1)(C), which states the following: "Section 240A(b)(1) provides that the Attorney General may cancel removal in the case of an alien who . . . has at no time been convicted of an offense that would render the alien inadmissible *under section 212(a)(2)(A)* or deportable under redesignated sections 237(a)(2) or 237(a)(3) . . . ." H. Rep. No. 104-828, at 213 (1996) (Conf. Rep.), 1996 WL 563320 (emphasis added).

We have repeatedly concluded that the plain language of section 240A(b)(1)(C) incorporates the entirety of section 212(a)(2) of the Act. *See Matter of Garcia*, 25 I&N Dec. 332, 335 (BIA 2010); *Matter of Cortez*, 25 I&N Dec. 301, 304 (BIA 2010); *Matter of Garcia-Hernandez*, 23 I&N Dec. 590, 593 (BIA 2003). Since that was in the context of determining whether the alien was ineligible for cancellation of removal based on a conviction for a crime involving moral turpitude under section 212(a)(2)(A), it may not be considered dispositive as to the provision relating to multiple crimes so as to permit resort to legislative history. *See, e.g.*, *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 349 (5th Cir. 2014) (emphasizing that legislative history can only be consulted after determining that a statute is ambiguous).

Even assuming, however, that the statute is ambiguous regarding whether the reference in section 240A(b)(1)(C) to an alien "convicted of an offense under section 212(a)(2)" extends to all the relevant portions of section 212(a)(2), the legislative history relied on by the respondent, while not without some force, is not persuasive. The language quoted by the respondent "does not track the language contained in the statute as written

---

[1] The respondent does not dispute that his aggregate sentences to confinement totaled 5 years or more. *See Matter of Esposito*, 21 I&N Dec. 1, 2–5 (BIA 1995) (construing a prior version of section 212(a)(2)(B) of the Act).

and approved by Congress. In light of the clear language of section 240A(b)(1)(C) . . . , we find this imprecise reference in the legislative history insufficient to guide our construction of the statute." *Matter of Bustamante*, 25 I&N Dec. 564, 567−68 n.1 (BIA 2011). We conclude that the phrase "convicted of an offense under section 212(a)(2)" is most reasonably interpreted as encompassing all of the provisions of section 212(a)(2) that are based on an alien's conviction, including section 212(a)(2)(B), which relates to multiple convictions for which the aggregate sentences to confinement were 5 years or more.

Moreover, the Conference Report language quoted by the respondent regarding section 212(a)(2)(A) may well have reflected the belief that ineligibility based on a conviction for a crime involving moral turpitude would be the more common ground for finding an alien ineligible for cancellation of removal than the ground based on multiple convictions for which the aggregate sentences to confinement were 5 years or more. This expectation is borne out by our research, which shows that since the enactment of section 240A(b)(1)(C) of the Act, the circuit courts have issued numerous published and unpublished decisions involving section 212(a)(2)(A), while we have found only a single unpublished decision involving section 212(a)(2)(B).

In that decision, the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, rejected an argument similar to that raised by the respondent. *Ramos-Godinez v. Mukasey*, 295 F. App'x 733 (5th Cir. 2008). The alien in that case argued that the cross-reference to "section 212(a)(2)" of the Act in section 240A(b)(1)(C) was a clerical error, because Congress intended to refer only to the crimes described in section 212(a)(2)(A). In rejecting this argument, the Fifth Circuit noted that Congress had twice amended section 240A(b)(1)(C) without changing the statutory cross-reference that the alien alleged was erroneous. *Id.* at 734. The court deferred to our interpretation of the cross-reference as reasonable and upheld our decision to bar from cancellation of removal an alien who is subject to inadmissibility under section 212(a)(2)(B) of the Act. *Id.* Although *Ramos-Godinez v. Mukasey* does not have the persuasive authority of a published decision, we find it instructive and consistent with our determination that the cross-reference in section 240A(b)(1)(C) of the Act encompasses the entirety of section 212(a)(2).

Similarly, we are not persuaded that because the phrase "convicted of an offense under section 212(a)(2)" refers to a singular "offense," it cannot include section 212(a)(2)(B), which requires convictions for two or more offenses. First, in determining the meaning of any Act of Congress, "words importing the singular include and apply to several persons, parties, or things" unless the context indicates otherwise. 1 U.S.C. § 1 (2012). Thus,

we conclude that the singular "offense" in the operative phrase includes the multiple "offenses" in section 212(a)(2)(B).

*Matter of Garcia-Hernandez* also demonstrates the flaw in the respondent's argument that section 240A(b)(1)(C) of the Act does not contemplate the use of multiple offenses. In that case, the alien was convicted of two offenses. One offense qualified as a crime involving moral turpitude, but it was a petty offense under section 212(a)(2)(A)(ii) of the Act. The second offense was battery, which was not a crime involving moral turpitude. We held that the alien was eligible for cancellation of removal because one of his offenses qualified as a petty offense, and the second offense was not a crime involving moral turpitude. Thus, the alien did not fall within the scope of the cross-reference to section 212(a)(2) in section 240A(b)(1)(C). Conversely, if an alien has been convicted of two or more crimes involving moral turpitude, only one of which qualified for the petty offense exception, that alien would be precluded from applying for cancellation of removal. Thus, the operation of the petty offense exception and its interaction with sections 212(a)(2)(A)(i) and 240A(b)(1)(C) of the Act undermine the respondent's argument that the phrase "convicted of an offense under section 212(a)(2)" does not cover the consideration and interplay of multiple offenses.

Accordingly, because we find no merit to the respondent's arguments, his appeal will be dismissed. The Immigration Judge's grant of voluntary departure will be reinstated.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security ("DHS"). *See* section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2012); *see also* 8 C.F.R. §§ 1240.26(c), (f) (2014). In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2012). *See* section 240B(d) of the Act.

**WARNING:**  If the respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended.  If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.  *See* 8 C.F.R. § 1240.26(e)(1).

**WARNING:**  If, prior to departing the United States, the respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252 (2012), the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect.  However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if he provides to the DHS such evidence of his departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence the DHS deems sufficient that he has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he remains in the United States while the petition for review is pending.  *See* 8 C.F.R. § 1240.26(i).