# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2015

Lyle W. Cayce
Clerk

FIDENCIO PINA-GALINDO,

Petitioner,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Fidencio Pina-Galindo, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") finding him statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b-(b)(1)(C). Pina-Galindo contends that, because that subsection provides that an alien convicted of "an offense under [8 U.S.C.] § 1182(a)(2)" is not eligible for cancellation of removal, the plain reading of the statute shows that only

No. 14-60752

aliens who have been convicted of a single offense for a crime involving moral turpitude or a controlled-substance offense, as set forth in § 1182(a)(2)(A), are ineligible for cancellation of removal.  Pina-Galindo further asserts that the legislative history of § 1229b(b)(1)(C) supports his interpretation.  He urges that if this court determines that the statutory language is ambiguous, the BIA's interpretation is impermissible.

Because the BIA's decision is published, it has precedential force and is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842 (1984).  *See Dhuka v. Holder*, 716 F.3d 149, 154 (5th Cir. 2013); *see also* 8 C.F.R. § 1003.1(g) (providing that published decisions issued by three-member panels of the BIA are precedents).  Under *Chevron* deference, a court reviewing an agency's interpretation must first ask "whether the statute is silent or ambiguous with respect to the specific issue before it." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  If Congress's unambiguously expressed intent "on the precise question at issue" is clear from the language of the statute, no interpretation is needed, because Congress's "intention is the law and must be given effect." *Chevron*, 467 U.S. at 842–43 & n.9.  If a statute is silent or ambiguous, an agency's interpretations of a statute it administers are given "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844; *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).

The BIA rejected Pina-Galindo's theory that the term "offense," as set forth in § 1229b(b)(1)(C), cannot include offenses listed in § 1182(a)(2)(B).  The BIA noted that although it had consistently found that the language of § 1229b-(b)(1)(C) included all the offenses listed in § 1182(a)(2), its prior decisions were not necessarily dispositive because they had involved aliens who were ineligible under § 1182(a)(2)(A).  The BIA, assuming that the statute was ambiguous,

examined the legislative history and determined that Pina-Galindo's argument on that point was unpersuasive.  The agency noted that the language quoted by Pina-Galindo to show legislative intent did not track the language contained in the statute.  Also, the BIA looked to *Ramos-Godinez v. Mukasey*, 295 F. App'x 733, 733–34 (5th Cir. 2008) (per curiam), determining that an alien convicted of multiple offenses with an aggregate sentence of more than five years was statutorily ineligible for cancellation of removal under § 1182(a)(2)(B).

The plain language of § 1229b(b)(1)(C) references an "offense under § 1182(a)(2)" and does not limit ineligibility for cancellation of removal to offenses under § 1182(a)(2)(A).  Additionally, as noted in *Ramos-Godinez*, Congress has twice amended the statute without changing the reference to § 1182(a)(2).  *See Ramos-Godinez*, 295 F. App'x at 734.  Even if there is ambiguity, the BIA's construction of §§ 1182(a)(2)(B) and 1229b(b)(1)(C) in the instant case is a reasonable interpretation of the statutory language that is entitled to deference.  *See Chevron*, 467 U.S. at 843–44.

Accordingly, the petition for review is DENIED.  Pina-Galindo's motion for a stay of deportation is likewise DENIED.