# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60004
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2018

Lyle W. Cayce
Clerk

OSCAR LEONARDO PORTILLO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 283 325

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Oscar Leonardo Portillo, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA).  He challenges the decision to pretermit his application for cancellation of removal for nonpermanent residents.  According to Portillo, the Immigration Judge improperly pretermitted his application due to his multiple criminal offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60004

with an aggregate sentence to confinement of five years or more. *See* 8 U.S.C. 1182(a)(2)(B), 1229b(b)(1)(C).

In part, Portillo's challenge is foreclosed by our court's ruling in *Pina-Galindo v. Lynch*, 803 F.3d 193, 194-95 (5th Cir. 2015). There, a panel determined that the BIA had reasonably rejected the argument that the statutory reference to a singular "offense under § 1182(a)(2)(B)" did not "limit ineligibility for cancellation of removal to offenses under § 1182(a)(2)(A)." *Pina-Galindo*, 803 F.3d at 194-95. To the extent that Portillo argues that we should revisit the issue in *Pina-Galindo*, 803 F.3d at 194-95, we are prohibited from doing so here. *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) ("[O]ne panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court.") (internal citation and quotation marks omitted).

As for Portillo's remaining argument that the Immigration Judge prematurely pretermitted his application for relief, the argument is unexhausted. Therefore, we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009).

PETITION DENIED IN PART AND DISMISSED IN PART.