**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| VU MINH NGUYEN, *Petitioner*, v. JEFFERSON B. SESSIONS III, Attorney General, *Respondent.* | No. 17-70251 Agency No. A047-102-316 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2018
Seattle, Washington

Filed August 23, 2018

Before: Richard R. Clifton and Jacqueline H. Nguyen,
Circuit Judges, and Jed S. Rakoff,* District Judge.

Opinion by Judge Nguyen

---

* The Honorable Jed S. Rakoff, Senior United States District Judge
for the Southern District of New York, sitting by designation.

## SUMMARY**

**Immigration**

The panel granted Vu Minh Nguyen's petition for review of a decision of the Board of Immigration Appeals that found Nguyen ineligible for cancellation of removal, holding that Nguyen's admitted use of cocaine did not render him inadmissible, and therefore did not trigger the stop-time rule for cancellation of removal, because Nguyen is a lawful permanent resident not seeking admission, and remanded.

To be eligible for cancellation of removal for certain permanent residents, one of the statutory prerequisites Nguyen had to establish was seven years of continuous residence in the United States. Under the stop-time rule, as relevant here, a period of continuous residence is deemed to end "when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title." 8 U.S.C. § 1229b(d)(1).

During his merits hearing, Nguyen admitted on cross-examination that he used cocaine in 2005. The immigration judge pretermitted Nguyen's application for cancellation of removal on the ground that Nguyen's commission of a drug offense rendered him inadmissible, therefore stopping his

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

accrual of continuous residence at five years. The BIA affirmed.

The panel observed that the case implicates two distinct concepts in our immigration law—inadmissibility and removability—and explained various ways the difference between the two is relevant to the immigration system. The panel also explained that lawful permanent residents are under most circumstances subject to the grounds of removability, not inadmissibility, and that Nguyen was not—and could not have been—charged with being inadmissible under the circumstances.

The panel held that, under the plain text of the stop-time rule, Nguyen was not rendered inadmissible by his possession of cocaine because, as a lawful permanent resident, he is not subject to the grounds of inadmissibility. Accordingly, the panel held that Nguyen's admitted use of cocaine did not trigger the stop-time rule and, therefore, Nguyen is eligible to apply for cancellation of removal. The panel also acknowledged that its conclusion parts ways with the Fifth Circuit's decision in *Calix v. Lynch*, 784 F.3d 1000 (5th Cir. 2015).

The panel remanded to the BIA for consideration of Nguyen's application for cancellation of removal on the merits.

## COUNSEL

Tim Henry Warden-Hertz (argued) and Matt Adams, Northwest Immigrant Rights Project, Seattle, Washington, for Petitioner.

Timothy G. Hayes (argued), Trial Attorney; Andrew N. O'Malley, Senior Litigation Counsel; Cindy S. Ferrier, Assistant Director; Chad A. Readler, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

NGUYEN, Circuit Judge:

Vu Minh Nguyen, a citizen of Vietnam, immigrated to the United States as a lawful permanent resident in the year 2000, when he was eighteen years old. Fifteen years later, he was placed in removal proceedings and charged with removability due to three misdemeanor convictions.

Nguyen, with the assistance of pro bono counsel, applied for cancellation of removal. This form of relief is a discretionary benefit that requires an immigration judge ("IJ") to balance the applicant's "adverse factors . . . with the social and humane considerations presented on his (or her) behalf to determine whether the granting of relief appears in the best interest of" the United States. *Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012) (internal alterations omitted).

The question before us is whether Nguyen is even eligible to seek cancellation of removal. The government contends that Nguyen is barred from cancellation consideration because he failed to meet one of the three statutory prerequisites: seven years of continuous residence, which cannot be interrupted by the "commi[ssion] [of] an offense . . . that renders the alien inadmissible to the United States under" 8 U.S.C. § 1182(a)(2) or removable under 8 U.S.C. §§ 1227(a)(2) or (a)(4). 8 U.S.C. § 1229b(d)(1). During his merits hearing, Nguyen admitted on cross-examination that he used cocaine in 2005. The government argued below that Nguyen's commission of a drug offense rendered him inadmissible, therefore stopping his accrual of continuous residence at five years. The IJ agreed and pretermitted Nguyen's cancellation application. The Board of Immigration Appeals ("BIA") affirmed in an unpublished decision.

We grant Nguyen's petition for relief and remand for consideration of his cancellation of removal application on the merits. We hold that Nguyen was not "rendered inadmissible" by his drug offense because he is a lawful permanent resident not seeking admission.

**I.**

We have jurisdiction under 8 U.S.C. § 1252. The issue before us is a question of law, which we review de novo. *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1050 (9th Cir. 2014).

**II.**

The relevant statutory section, known as the "stop-time rule,"**[1]** *see Pereira v. Sessions*, 138 S. Ct. 2105, 2109 (2018), states:

> For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest.

8 U.S.C. § 1229b(d)(1).

Both parties agree that the stop-time rule is triggered by two events: 1) "commi[ssion] [of] an offense referred to in section 1182(a)(2) of this title," and 2) the offense's effect of "render[ing]" the applicant "inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title." *Id.* Because Nguyen admitted that he possessed cocaine—a controlled substance offense "referred to in section 1182(a)(2)"—it appears that he triggered the rule's first requirement. The dispute is whether

---

**[1]** Time can also be stopped by the "serv[ice] [of] a notice to appear under section 1229(a) of this title." 8 U.S.C. § 1229b(d)(1). That portion of the rule is not at issue in this case.

Nguyen's commission of that offense rendered him inadmissible.

## A.

This case implicates two distinct concepts in our immigration law—inadmissibility and removability. "Federal immigration law governs both the exclusion of aliens from admission to this country and the deportation of aliens previously admitted." *Judulang v. Holder*, 565 U.S. 42, 45 (2011). "An inadmissible alien is one who was not admitted legally to the United States and is removable under § 1182, whereas a deportable alien is in the United States lawfully and is removable under § 1227." *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1055 (9th Cir. 2010). Prior to enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), "these two kinds of action occurred in different procedural settings," but since then, "the Government has used a unified procedure, known as a 'removal proceeding,' for exclusions and deportations alike." *Judulang*, 565 U.S. at 45–46 (citing 8 U.S.C. §§ 1229, 1229a).

The difference between inadmissibility and removability is relevant to the immigration system in several ways. First, when a noncitizen is placed in removal proceedings, the burden of proof shifts depending on whether he is subject to inadmissibility or removability. An "applicant for admission" bears the burden of proving he is not inadmissible under 8 U.S.C. § 1182, while the government bears the burden of showing removability when a noncitizen has been lawfully admitted to the United States. 8 U.S.C. § 1229a(c)(2)–(3). Adding further to the statutory scheme's complexity is the fact that the grounds for inadmissibility and deportability do not perfectly match, as some conduct and offenses can render a person inadmissible but not

deportable, and vice versa. *See, e.g.*, *id.* § 1227(a)(2)(C) (creating removability for "[c]ertain firearm offenses," a ground which is not present in 8 U.S.C. § 1182(a)(2)); *compare id.* § 1227(a)(2)(B)(i) (allowing an exception to controlled substance offense removability for "a single offense involving possession for one's own use of 30 grams or less of marijuana"), *with id.* § 1182(a)(2)(A)(i)(II) (allowing no such exception in the parallel inadmissibility ground). And admission to "committing acts which constitute the essential elements of" a specified offense can make an applicant inadmissible, while, in most cases, a conviction is required to make a noncitizen deportable for commission of a crime. *Compare id.* § 1182(a)(2)(A)(i), *with id.* § 1227(a)(2)(A).

Lawful permanent residents—who have been "admitted"—are under most circumstances subject to the grounds of removability, not inadmissibility. *Id.* § 1227(a) (subjecting a noncitizen "in and admitted to the United States" to the grounds of deportability). This is precisely what occurred in Nguyen's case. As a lawful permanent resident, Nguyen was charged with removability under 8 U.S.C. § 1227(a)(2). Nguyen was not charged with being inadmissible—and indeed, he could not have been. A noncitizen "lawfully admitted for permanent residence in the United States *shall not be regarded as seeking an admission into the United States for purposes of the immigration laws*" except under one of six narrow exceptions, none of which applies here. *Id*. § 1101(a)(13)(C) (emphasis added).

With this statutory structure as the backdrop, the effect of the stop-time rule on a lawful permanent resident is clear. Under the plain text of the stop-time rule, Nguyen was not rendered inadmissible by his possession of cocaine in 2005 because he is not subject to the grounds of inadmissibility.

We can find no provision in the Immigration and Nationality Act ("INA")—and the government has pointed us to none—where inadmissibility is divorced from the context of seeking admission. There is no reason to conclude that inadmissibility should function differently for the purposes of the stop-time rule than it does elsewhere in the INA. We therefore hold that because Nguyen was not rendered inadmissible by his admitted use of cocaine in 2005, he did not trigger the stop-time rule and is eligible to apply for cancellation of removal.

**B.**

The government presents several arguments to the contrary, none of which is persuasive.

First, the government argues that Nguyen was rendered inadmissible because he *would* be inadmissible if he ever sought admission to the United States. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). This reading, however, renders the second part of the stop-time rule entirely superfluous. "In construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979). The canon against surplusage is not absolute, but "is strongest when an interpretation would render superfluous another part of the same statutory scheme." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 385–86 (2013).

Under the government's reading, "commi[ssion] [of] an offense referred to in section 1182(a)(2)" would "render" any noncitizen inadmissible under all circumstances—making the phrase "that renders the alien inadmissible . . . or removable" completely unnecessary. *See* 8 U.S.C. § 1229b(d)(1). The government's argument is an obvious overreach, especially because Nguyen's reading perfectly

comports with the statute's plain language in light of the distinction between inadmissibility and removability.**[2]**

Second, the government points us to the inadmissibility grounds set forth in 8 U.S.C. § 1182(a)(2)(A)(i). That section, which creates inadmissibility on "[c]riminal and related grounds," states that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" certain crimes involving moral turpitude or a controlled substance "is inadmissible." Because the statute applies to "any alien," the government argues, it also applies to Nguyen, and it "rendered" him inadmissible in 2005.

The government reads this subsection out of context. Section 1182, titled "[i]nadmissible aliens," begins with the header "[c]lasses of aliens *ineligible for visas or admission*." 8 U.S.C. § 1182(a) (emphasis added). Under the statute's plain language, a noncitizen is "inadmissible" under section 1182 in the context of seeking a visa or admission, and not otherwise. *Accord* 8 C.F.R. § 235.1(f)(2) (noting that a noncitizen "present in the United States who has not been admitted or paroled" or "who seeks entry at other than an open, designated port-of-entry . . . is subject to" the inadmissibility grounds at 8 U.S.C. § 1182(a)). The government argues that Congress could have intended "inadmissibility" to operate differently for the purposes of the stop-time rule, but "it is a normal rule of statutory

---

**[2]** The government admits, as it must, that its reading makes part of the statute superfluous, but argues that because "the stop-time rule was one feature of a congressional overhaul of immigration statutes . . . it is understandable that certain superfluidities appear in the statute." *Calix v. Lynch*, 784 F.3d 1000, 1006 (5th Cir. 2015). But the complexities of the INA are not a reason to abandon traditional tools of statutory interpretation.

construction that identical words used in different parts of the same act are intended to have the same meaning." *Pereira*, 138 S. Ct. at 2115 (quoting *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 571 (2012)). Therefore, we cannot divorce "inadmissibility" from the admissions context. Nor can we assume that Congress meant to tie the stop-time rule to commission of an offense alone when it knew how to write language doing precisely that. *See Matter of Cortez*, 25 I&N Dec. 301, 308 (BIA 2010) (noting that the stop-time rule, "which requires that an [applicant] be 'render[ed] . . . inadmissible to the United States under section [1182(a)(2)] or removable from the United States under section [1227(a)(2)] or [1227(a)(4)],' clearly evidences Congress' understanding of how to draft statutory language requiring an [applicant] to be inadmissible or removable under a specific charge" (second alteration in original) (quoting 8 U.S.C. § 1229b(d)(1))); *accord Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652–53 & n.3 (9th Cir. 2004) (contrasting the legislative history of the nonpermanent resident cancellation requirements with the stop-time rule).

Finally, the government argues that the statutory language is ambiguous, and that the BIA's interpretation of the stop-time rule is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). As explained, the statute is not ambiguous. "We only defer . . . to agency interpretations of statutes that, applying the normal 'tools of statutory construction,' are ambiguous." *INS v. St. Cyr*, 533 U.S. 289, 320 n.45 (2001) (quoting *Chevron*, 467 U.S. at 843 n.9). Because the BIA's interpretation impermissibly renders a portion of the rule superfluous, there is no ambiguity that would require us to exercise deference. *See Pereira*, 138 S. Ct. at 2117 (finding that the word "under" in the stop-time

rule "can only mean 'in accordance with' or 'according to,'" based on the statute's "plain language and statutory context").

The BIA's decision in *Matter of Jurado-Delgado*, which the agency cited when deciding Nguyen's case, does not resolve the issue or require us to defer to the agency. In *Jurado-Delgado*, the BIA held that a cancellation applicant need not "have been *charged* with . . . an offense as a ground of inadmissibility or removability in order for the provision to stop the . . . accrual of continuous residence" pursuant to the stop-time rule. 24 I&N Dec. 29, 31 (BIA 2006) (emphasis added). But the case does not squarely address the question at issue here: whether a lawful permanent resident can be "rendered inadmissible" when he is not subject to the grounds of inadmissibility.[3]  *See Calix v. Lynch*, 784 F.3d 1000, 1009 (5th Cir. 2015) (reading *Jurado-Delgado* to "not explicitly answer whether a lawful permanent resident who does not need to be admitted

---

[3] The *Jurado-Delgado* respondent was rendered removable by his commission of two crimes involving moral turpitude during the seven-year residence period, *see* 24 I&N Dec. at 29, meaning the BIA did not need to reach the question of whether his 1992 offense made him inadmissible. Thus, the BIA's cursory statement that respondent's prior conviction for a crime involving moral turpitude "'render[ed]' him inadmissible under" 8 U.S.C. § 1182(a)(2)(A)(i)(I) is merely dicta. *See id.* at 35; *see also Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).

nonetheless has his period of continuous residence stopped by an offense rendering him inadmissible").**[4]**

We acknowledge that our conclusion parts ways with the Fifth Circuit. In *Calix v. Lynch*, the Fifth Circuit found the stop-time rule's phrase "renders the alien inadmissible" ambiguous as to its effect on lawful permanent residents not subject to the grounds of inadmissibility, and then, not applying *Chevron* but "impos[ing] [its] own construction on the stop-time rule," agreed with the government's interpretation. 784 F.3d at 1006–07, 1009. Respectfully, we are not persuaded by *Calix*'s analysis, which even the government concedes is problematic. *Calix* dodged the surplusage problem by noting that different statutory sections of the INA can be "difficult to harmonize." *Id.* at 1006. As explained, this is an impermissible reason to read superfluousness into a statute when applying the traditional rules of statutory construction leads to a perfectly reasonable reading.

Moreover, as *Calix* correctly acknowledges, but fails to address, "the concept of inadmissibility is generally married to situations in which an alien is actually seeking admission to the United States." *Id.* at 1004. The decision's reasoning also conflicts with at least two precedential BIA decisions. *Compare id.* at 1006 (relying on the possibility of surplusage), *with Matter of Campos-Torres*, 22 I&N Dec.

---

**[4]** Nor would we defer to the agency's unpublished decision in Nguyen's case because it lacks the power to persuade. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011) (noting that an unpublished, single-member BIA decision does not carry the force of law and is entitled only to *Skidmore* deference, meaning that our "deference [is] proportional to [the decision's] thoroughness, reasoning, consistency, and ability to persuade" (citing *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006))).

1289, 1294–95 (BIA 2000) (rejecting a reading of the stop-time rule that would make "referred to in section [1182(a)(2)]" meaningless); *compare also Calix*, 784 F.3d at 1011 (relying on the exceptions for some inadmissibility offenses that do not exist for parallel removability grounds), *with Matter of Garcia*, 25 I&N Dec. 332, 335–36 (BIA 2010) (holding that an offense is not "referred to in section [1182(a)(2)]" for the stop-time rule's purposes where it qualifies for the petty theft exception, which only applies to inadmissibility grounds).**[5]**

**\*\*\***

Under the plain language of the stop-time rule and the INA, a lawful permanent resident cannot be "rendered inadmissible" unless he is seeking admission. We therefore grant the petition and remand for consideration of Nguyen's application for cancellation of removal on the merits.

**PETITION GRANTED.**

---

**[5]** In a footnote, the BIA suggests that Nguyen may have been rendered deportable as a drug abuser or addict under 8 U.S.C. § 1227(a)(2)(B)(ii), thereby stopping his accrual of time. The BIA engaged in improper fact-finding, as the IJ made no factual findings related to drug abuse or addiction. *See* 8 C.F.R. § 1003.1(d)(3); *Brezilien v. Holder*, 569 F.3d 403, 412–13 (9th Cir. 2009). Indeed, the government conceded below that Nguyen's admission of drug use did not constitute a ground of deportability.