FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS RAMIREZ-MEDINA, AKA Javier Gonzalez, *Petitioner*, v. MERRICK B. GARLAND, Attorney General, *Respondent.* | No. 16-73325 Agency No. A079-811-177 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2021
Pasadena, California

Filed December 22, 2021

Before:  Kim McLane Wardlaw and Andrew D. Hurwitz,
Circuit Judges, and Stephen R. Bough,* District Judge.

Opinion by Judge Hurwitz

---

*The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

## SUMMARY[**]

### Immigration

Denying Jesus Ramirez-Medina's petition for review of a decision of the Board of Immigration Appeals, the panel held that the phrase "an offense" in the cancellation of removal statute at 8 U.S.C § 1229b(b)(1)(C) includes the "[m]ultiple criminal convictions" described in § 1182(a)(2)(B).

Under 8 U.S.C § 1229b(b)(1)(C), an alien who has been "been convicted of an offense under [8 U.S.C.] section 1182(a)(2), 1227(a)(2), or 1227(a)(3)" is ineligible for cancellation of removal. The BIA concluded that Ramirez was ineligible for cancellation because he was removable under § 1182(a)(2)(B), which covers aliens who have been "convicted of 2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or more."

Ramirez contended that because the statutory disqualification in § 1229b(b)(1)(C) is phrased in the *singular*, his *multiple* offenses described in § 1182(a)(2)(B) did not trigger ineligibility for cancellation. The panel disagreed, relying on *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649 (9th Cir. 2004), in which this court concluded that the most logical reading of § 1229b(b)(1)(C) was that the cancellation bar applies to each of the disqualifying events "described under" the cross-referenced provisions. The panel concluded that the same logic applied here and that § 1229b(b)(1)(C)'s use of the singular "offense" did not

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

require a different conclusion. The panel explained that the Dictionary Act generally instructs that "words importing the singular include and apply to several persons, parties, or things." 1 U.S.C. § 1. The panel also observed that its interpretation accorded with that of the Fifth Circuit.

Ramirez also argued that the BIA erred in finding that his multiple convictions resulted in aggregated sentences of at least five years because the agency relied on a criminal record that he alleged did not relate to him. The panel rejected that argument, explaining that the agency reasonably concluded that Ramirez did not satisfy his burden of showing that he had not been convicted of an offense that made him ineligible for cancellation.

## COUNSEL

Matthew Lorn Hoppock (argued), Hoppock Law Firm LLC, Shawnee, Kansas, for Petitioner.

Timothy G. Hayes (argued), Trial Attorney; Andrew N. O'Malley, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

HURWITZ, Circuit Judge:

The Immigration and Nationality Act allows an alien who has been in the United States for ten years to seek cancellation of removal upon a showing of good moral character and exceptional hardship to a family member that would result from removal. 8 U.S.C. § 1229b(b)(1). But the Act provides that an alien who has "been convicted of an offense under [8 U.S.C.] section 1182(a)(2), 1227(a)(2), or 1227(a)(3)" is ineligible for cancellation of removal. *Id.* § 1229b(b)(1)(C). The issue for decision is whether the phrase "an offense" in § 1229b(b)(1)(C) includes the "[m]ultiple criminal convictions" described in § 1182(a)(2)(B) that render an alien inadmissible. We hold that it does.

### I.

Jesus Ramirez-Medina, a native of Mexico, entered the United States without inspection in 1996. Between 2006 and 2008, Ramirez was convicted five times for driving on a suspended license and driving under the influence. In 2009, the Department of Homeland Security ("DHS") initiated removal proceedings. Ramirez conceded removability but sought cancellation of removal, claiming exceptional hardship to his two U.S. citizen children.

DHS moved to pretermit Ramirez's application for cancellation. Citing a conviction for driving under the influence and driving on a suspended license that had occurred after the initiation of removal proceedings, DHS contended that Ramirez was now ineligible for relief because he had been "convicted of 2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or

more." 8 U.S.C. § 1182(a)(2)(B). As evidence of the new offense, DHS submitted the charging document listing Ramirez as the defendant and a 2013 judgment with the same case number as the charging document, but which listed "Reynardo Sampson Manning" as the defendant. Ramirez's counsel did not object to the introduction of the judgment and acknowledged that Ramirez had signed it, but told the Immigration Judge ("IJ") that Ramirez's criminal defense attorney was in the process of confirming whether the sentence shown on the document was accurate. The IJ instructed Ramirez to submit materials confirming that the document reflected the actual sentence "without delay."

Two months later, when no submission concerning the 2013 judgment had been received, the IJ issued an order pretermitting Ramirez's application for cancellation. The Board of Immigration Appeals ("BIA") dismissed Ramirez's appeal, holding that he had failed to establish that he had not been convicted of offenses with an aggregate sentence of at least 5 years. Acknowledging the incorrect name on the 2013 judgment, the BIA noted that Ramirez did not dispute the conviction itself and observed that the case number on the judgment matched that on the complaint naming Ramirez. The BIA rejected Ramirez's argument that § 1182(a)(2)(B) is not a basis for ineligibility under § 1229b(b)(1)(C), relying on its decision in *Matter of Pina-Galindo*, 26 I&N Dec. 423 (BIA 2014). This petition for review followed.

## II.

An individual facing removal may ask the Attorney General to "cancel" his order of removal if he proves that: "(1) he has been present in the United States for at least 10 years; (2) he has been a person of good moral character; (3) he has not been convicted of certain criminal offenses;

and (4) his removal would impose an 'exceptional and extremely unusual' hardship on a close relative who is either a citizen or permanent resident of this country." *Pereida v. Wilkinson*, 141 S. Ct. 754, 759 (2021); 8 U.S.C. § 1229b(b)(1).

However, conviction of "an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)" disqualifies an alien for eligibility for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(C). The three referenced provisions are sections of the inadmissibility statute, 8 U.S.C. § 1182, and the deportability statute, 8 U.S.C. § 1227. Section 1182(a), relevant here, states that "aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States." Among the "following paragraphs" is § 1182(a)(2)(B), which provides:

> Any alien convicted of 2 or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years or more is inadmissible.

At issue is whether the provision in § 1229b(b)(1)(C) making an alien ineligible for cancellation of removal if convicted of "an offense under section 1182(a)(2)" includes the "offenses" described in § 1182(a)(2)(B). Ramirez contends that because the statutory disqualification is phrased in the *singular*, his *multiple* offenses do not trigger ineligibility. We disagree.

We addressed § 1229b(b)(1)(C) and its cross-reference to the inadmissibility and deportability statutes in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649 (9th Cir. 2004). The issue in that case was whether an inadmissible alien was barred from seeking cancellation based on a conviction for domestic violence, which is listed as one of several "general crimes" in § 1227(a)(2) as a ground for deportation. *See* 8 U.S.C. § 1227(a)(2)(E)(i). Gonzalez argued that because he was inadmissible, the listing of domestic violence in the *deportation* statute did not apply to him and did not disqualify him for eligibility for cancellation. *Gonzalez-Gonzalez*, 390 F.3d at 652. We rejected that argument, relying on the plain language and structure of § 1229b(b)(1)(C), which cross-references "a list of offenses in three statutes, rather than the statutes as a whole." *Id.* We concluded that the "most logical reading" of § 1229b(b)(1)(C) is that the cancellation bar applies to each of the disqualifying events "described under" the cross-referenced provisions. *Id*. (cleaned up). Because "[e]ven an inadmissible alien can commit the offense of domestic violence as it is listed under § 1227," we held that Gonzalez was ineligible for cancellation of removal. *Id.* at 652–53.

The same logic applies here. Section 1229b(b)(1)(C) incorporates the whole of the cross-referenced provisions, including each of their subparts. *Id.* Indeed, the actual sections listed in the cancellation ineligibility statute, 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), and 1227(a)(3), each merely state that crimes described in following paragraphs make an alien either inadmissible or deportable; the cross-reference is thus necessarily not only to the introductory language, but also to the following paragraphs.[1] At bottom,

---

[1] Section 1182(a) provides that "[e]xcept as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs

convictions for multiple offenses with aggregate sentences of at least five years are plainly within the category of offenses that bar cancellation.

Section 1229b(b)(1)(C)'s use of the singular "offense" does not require a different conclusion.  The Dictionary Act instructs that for "any Act of Congress, unless the context indicates otherwise—words importing the singular include and apply to several persons, parties, or things."  1 U.S.C. § 1.        Section    1229b(b)(1)(C)    explicitly    refers    to § 1182(a)(2), which itself states that an alien convicted of any offense in the succeeding paragraphs is inadmissible. *See Gonzalez-Gonzalez*, 390 F.3d at 652–53.  Subsection (a)(2)(B) is one of those succeeding paragraphs.  This is precisely the context in which the Dictionary Act is intended to apply. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1482 (2021) (imagining a statute making it illegal to vandalize "a" bank and explaining that "someone who vandalizes five banks could not avoid prosecution on the ground that he vandalized more than one").[2]

---

are ineligible to receive visas and ineligible to be admitted to the United States."  Section 1182(a)(2) is entitled "Criminal and related grounds," and is followed by a series of paragraphs listing disqualifying crimes, including § 1182(a)(2)(B) concerning convictions for multiple offenses with aggregate sentences of more than 5 years.  Similarly, § 1227(a)(2), entitled "Criminal offenses," is followed by a list of offenses that render an alien deportable, and § 1227(a)(3), entitled "Failure to register and falsification of documents," is followed by a list of specific acts that give rise to deportability.

[2] Ramirez's reliance on a draft version of § 1229b from a Conference Committee Report, H.R. Rep. No. 104-828, at 213, 1996 WL 563320 (1996) is unpersuasive because the statute, as enacted, differs from the draft. *See Gonzalez-Gonzalez*, 390 F.3d at 653.

Our interpretation of § 1229b(b)(1)(C) accords with the opinion of the Fifth Circuit affirming the BIA's decision in *Matter of Pina-Galindo*. *See Pina-Galindo v. Lynch*, 803 F.3d 193 (5th Cir. 2015). Although the Fifth Circuit opinion rested in part on deference to the BIA, it also rested on the "plain language of § 1229b(b)(1)(C)." *Id.* at 195; *see also Lopez-Montesino v. U.S. Att'y Gen.*, 828 F. App'x 123, 125–26 (3d Cir. 2020) (applying § 1182(a)(2)(B) as a bar to cancellation under § 1229b(b)(1)(C)).

### III.

Ramirez also argues that the BIA erred in finding that his multiple convictions resulted in aggregated sentences of at least five years because the agency relied on the 2013 judgment, a record "not clearly related to Ramirez." We reject this argument. We start with the premise that the burden was on Ramirez to show that he had not been convicted of the qualifying offenses. *See* 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply."); *Pereida*, 141 S. Ct. at 758 ("The INA expressly requires individuals seeking relief from lawful removal orders to prove all aspects of their eligibility. That includes proving they do not stand convicted of a disqualifying criminal offense."). Substantial evidence supports the agency's determination that Ramirez did not satisfy that burden.

Although the 2013 judgment listed "Reynardo Sampson Manning" as the defendant, the document had the same case number as the complaint naming Ramirez. Significantly, Ramirez did not argue to the IJ that he was not convicted in 2013 of the subject offense; his counsel acknowledged that

Ramirez signed the judgment.  Indeed, counsel simply asked for time to clarify the sentence Ramirez received.  And, despite being given two months to submit additional evidence concerning the 2013 judgment, Ramirez failed to do so.  Under these circumstances, the agency could reasonably conclude that he had not proved his eligibility for cancellation of removal.

**PETITION DENIED.**